# AHMAD KESHAVARZ

## *Attorney at Law*

16 COURT ST., 26TH FLOOR　　WWW.NEWYORKCONSUMERATTORNEY.COM　　PHONE: (718) 522-7900
BROOKLYN, NY 11241-1026　　E-mail: ahmad@NewYorkConsumerAttorney.com　　FAX: (877) 496-7809

December 17, 2015

<u>VIA ECF</u>

Hon. Debra Freeman
Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/16
```

      Re:    **Plaintiff's letter-request for a pre-motion conference, seeking leave to take a 2nd deposition.**

            **Case No. 1:14-cv- -07636-ER-DCF,** *O'Neill v. LVNV Funding, LLC et al.*

Dear Judge Freeman:　　　　　　　　　　　　　　　　　　**MEMO ENDORSED**

      The undersigned represents Plaintiff in this action for Defendants' violations of the FDCPA and conversion.

      Pursuant to Your Honor's Individual Practice Rule II. A. (incorporating Local Civil Rule 37.2), Plaintiff submit this letter-request for a pre-motion conference, seeking leave to take the deposition of Defendants Steven Cohen and Law Offices of Steven Cohen (collectively "Cohen") for a 2nd time.

      Plaintiff originally took Cohen's deposition on July 24, 2015. Under FRCP 30(a)(2)(A)(ii), a party must obtain leave of court to take the deposition of a person who has already been deposed in the case. Leave to take a second deposition is appropriate:

> [T]o the extent that doing so is consistent with the factors set forth in Rule 26(b) (2), such as "whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second deposition outweighs its potential benefit." *Ganci v. U.S. Limousine Serv., Ltd.*, No. CV 10–3027(JFB)(AKT), 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) (collecting cases). "Courts will typically reopen a deposition where there is new information on which a witness should be questioned." *Id.* (citations omitted).

*Sentry Ins. v. Brand Mgmt. Inc.*, No. 10-CV-347 ENV, 2012 WL 3288178, at *8 (E.D.N.Y. Aug. 10, 2012). Further, there is some authority suggesting that pursuant to FRCP 30(b)(6), leave of

1

court is not always required to depose an organization for a second time. *Quality Aero Tech. v. Telemetrie Elektronik, Gmbh,* 212 F.R.D. 313, 319 (E.D.N.C. 2002).

In the case at bar, Plaintiff should be granted leave to take Cohen's deposition for a second time because Cohen has asserted new affirmative defenses in his recent answer [DE 100] to Plaintiff's amended complaint [DE 99]. In particular, Cohen has asserted new affirmative defenses indicating that Plaintiff's damages were "caused or brought about in whole, or in part, by the affirmative wrongdoing, fault, negligence, culpable conduct and failure of due care of third parties over whom Defendants exercised no control". *See* [DE 100, p.9 ¶73].

In the prior stages of this litigation, however, Cohen represented that he himself "screwed up" and wanted to "concede liability". *See* [DE 84, Cohen's October 16, 2015 correspondence, referencing Cohen's statements in the parties' March 23, 2015 initial conference]. Therefore, Plaintiff seeks Cohen's deposition because Cohen is raising a new theory, and there is now "new information on which [the] witness should be questioned". *Sentry Ins. v. Brand Mgmt. Inc.*, 2012 WL 3288178, at *8. Further, Cohen previously testified both as a fact witness and a corporate representative under FRCP 30(b)(6). As such, to the degree that Cohen's prior testimony was from a corporate representative, leave of Court is perhaps not even necessary to take a second deposition. *Quality Aero Tech. v. Telemetrie Elektronik, Gmbh,* 212 F.R.D. 313, 319 (E.D.N.C. 2002).

For all these reasons, Plaintiff requests a ruling from Your Honor granting leave to depose Cohen for a second time.

Sincerely,
/s/
Ahmad Keshavarz
Plaintiff's Attorney

cc: All counsel of record via ECF

Dated: Brooklyn, New York
December 17, 2015
/s/
Ahmad Keshavarz

> The application to reopen defendant Cohen's deposition is denied. Plaintiff may, however, serve brief contention interrogatories, asking whether Cohen is contending that Plaintiff's alleged damages were caused, in whole or in part, by any third parties, and, if so, asking further for the identification of each such third party and the bases of Cohen's contention.

SO ORDERED: DATE: 1/15/16

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

2